NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1323

TONY COLIDA,

Plaintiff-Appellant,

v.

NOKIA AMERICA CORP.,

Defendant-Appellee.

ON MOTION

Before MICHEL, <u>Chief Judge</u>, PROST and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

O R D E R

Nokia America Corp. moves to dismiss Tony Colida's appeal and also moves for sanctions. Colida opposes.

Colida, acting pro se, sued Nokia alleging infringement of his design patent. Nokia moved for dismissal. Nokia's motion was referred to a Magistrate Judge. On September 11, 2006, the Magistrate Judge issued his Report and Recommendation (the "Report"), in which he recommended that Colida's complaint be dismissed for failure to state claim upon which relief could be granted. At the conclusion of the Report, the Magistrate Judge stated:

> Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report to file written objections. <u>See also</u> Fed.R.Civ.P. 6(a) and 6(e). Such objections (and responses thereto) shall be filed with the Clerk of the Honorable Kimba M. Wood, United States District Judge, 500 Pearl Street,

Room 1610, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Wood. FAILURE TO OBJECT WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.

It is clear from the district court's docket sheet that Colida failed to object to the Report. On February 23, 2007, the district court adopted the Report and final judgment was entered on February 26, 2007.

Despite his failure to object, on March 9, 2007, Colida filed an appeal seeking review by this court. Nokia argues that by failing to object to the Report, Colida has waived his right to appeal. We agree.

Because this case involves a procedural issue not unique to patent law, we apply the law of the regional circuit, in this case the Second Circuit. See In re Regents of Univ. of Cal., 101 F.3d 1386, 1390 n.2 (Fed. Cir. 1996). Under Second Circuit precedent, failure to timely object to a magistrate judge's report operates as a waiver of any further judicial review of the magistrate judge's decision when the parties receive "clear notice of the consequences of their failure to object," including (1) an explicit statement that timely failure to object will preclude appellate review and (2) a specific citation to 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

Here, Colida received clear notice of the consequences of inaction. The Report cited the requisite rules and clearly informed Colida that his failure to object to the

Report would constitute a waiver of his right to seek appellate review.  Because Colida failed to object, we dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)     Nokia's motion to dismiss on the grounds of waiver is granted.

(2)     Nokia's other motions are denied.

(3)     Each side shall bear its own costs.

FOR THE COURT

July 19, 2007          /s/ Jan Horbaly

Date          Jan Horbaly

Clerk

cc:    Tony Colida

David R. Francescani, Esq.

s19

ISSUED AS A MANDATE: _____